| | |
|---|---|
| **DISTRICT COURT, BROOMFIELD COUNTY, COLORADO**<br>17 Descombes Drive<br>Broomfield, CO 80020<br>Telephone:  303-464-5020 | DATE FILED<br>February 3, 2025 2:05 PM<br>FILING ID: B714006EB7214<br>CASE NUMBER: 2025CV30029 |
| **Plaintiffs:**<br>FLETCHER JONES, individually and on behalf of all similarly situated persons;<br><br>v.<br><br>**Defendant:**<br>SISTERS OF CHARITY LEAVENWORTH HEALTH SYSTEM, INC. | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiffs:*<br><br>Tiffanie D. Stasiak, No. 21535<br>Lisa M. Saccomano, No. 45105<br>Kathleen F. Guilfoyle, No. 55284<br>Gillian O'Hara, *pro hac vice* forthcoming<br>KUTAK ROCK, LLP<br>2001 16th Street, Suite 1800<br>Denver, Colorado 80202<br>(303) 297-2400<br>(303) 292-7799 (Facsimile)<br>Tiffanie.Stasiak@KutakRock.com<br>Lisa.Saccomano@KutakRock.com<br>Kathleen.Guilfoyle@KutakRock.com<br>Gigi.Ohara@KutakRock.com | Case No.:<br><br>Division: |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Fletcher Jones ("Dr. Jones" or "Plaintiff"), individually and on behalf of all similarly situated persons, through his attorneys, Kutak Rock LLP, hereby submits this Class Action Complaint against Defendant Sisters of Charity Leavenworth Health System, Inc. ("SCL Health") as follows:

## PARTIES

1. Dr. Jones is an individual employed by SCL Health in the state of Colorado.

2. SCL Health is a Kansas non-profit corporation with its principal place of business at 500 Eldorado Boulevard, Suite 4300, Broomfield, Colorado 80021.

3. At all times relevant herein, SCL Health acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for SCL Health.

## JURISDICTION AND VENUE

4. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because SCL Health resides in this County.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## GENERAL ALLEGATIONS

6. SCL Health operates and controls hospitals and other health care facilities in as part of an integrated health care system ("SCL Health System").

7. SCL Health System includes St. Mary's Hospital & Medical Center, Saint Joseph Hospital, Mount St. Vincent Home, Platte Valley Medical Center, Lutheran Medical Center, Good Samaritan Medical Central, and various other health care facilities in Colorado.

8. Dr. Jones has worked for the SCL Health System as a pharmacist since 2017. His regular schedule consists of four 10-hour shifts per week.

9. Dr. Jones and other employees frequently worked over 12 hours in a workday and/or over 40 hours in a workweek.

10. SCL Health paid Dr. Jones and other employees an hourly wage and classified them as non-exempt and subject to overtime compensation.

11. SCL Health is the management company providing centralized services for the SCL Health System, including human resources functions.

12. SCL Health sets employment policies and procedures for the SCL Health System, including timecard maintenance and approval, attendance, tardiness, meal periods, overtime, etc.

13. SCL Health maintains time and attendance records for all employees of SCL Health System.

14. SCL Health employs Dr. Jones and thousands of similarly situated individuals in the state of Colorado.

15. Dr. Jones and other employees were not paid for all time they worked, including all overtime hours worked.

### Uncompensated Missed Rest Periods

16. Colorado law requires that every employer shall authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof, for all employees. 7 CCR 1103-1.

17. When Dr. Jones and other employees are not authorized and permitted a required 10-minute rest period, their shift is effectively extended by 10 minutes without compensation.

18. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, SCL Health's failure to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

19. SCL Health willfully failed to establish policies and procedures, and otherwise defied state law, to authorize and permit Dr. Jones and other employees to take rest periods as required under Colorado law.

20. SCL Health willfully failed to establish policies and procedures, and otherwise defies state law, to compensate Dr. Jones and those similarly situated for missed rest periods as required under Colorado law.

21. Dr. Jones and those similarly situated were not afforded rest periods as required under Colorado law.

22. Dr. Jones and those similarly situated were not compensated for missed rest periods as required under Colorado law.

### Uncompensated Off-the-Clock Work

23. SCL Health must fully compensate employees for all time worked under Colorado law.

24. SCL Health established policies, procedures, and practices that resulted in a systematic failure to compensate employees for all time worked, including but not limited to those relating to timekeeping, attendance, tardiness, and staffing.

25. Dr. Jones and those similarly situated were routinely required or permitted to provide off-the-clock work without compensation.

4900-2101-5829.3

26. For example, Colorado law requires that SCL Health provide an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours. 7 CCR 1103-1.

27. Dr. Jones and other employees must be completely relieved of all duties and permitted to pursue personal activities for the 30-minute period to qualify as non-work, uncompensated time.

28. To the degree that an employee does not receive an uninterrupted meal period as required under Colorado law, SCL Health must compensate employees for the entire 30-minute period.

29. SCL Health promulgated policies for duty-free meal periods and procedures for compensation for interrupted meal periods; however, SCL Health in practice routinely and willfully failed to compensate employees for interrupted meal periods.

30. Dr. Jones and those similarly situated were routinely required to work through meal periods without compensation.

## Undercompensated Overtime

31. Colorado law requires that SCL Health include premium pay in calculating the rate at which it compensates an employee for overtime. *Hamilton v. Amazon.com Servs. LLC*, 2024 CO 60, ¶ 2, 555 P.3d 620, 623.

32. SCL Health implements policies providing premium pay for non-exempt workers as incentives for certain work.

33. For instance, SCL Health has paid Dr. Jones and those similarly situated at one-and-a-half times their base rate for working on certain recognized holidays.

34. SCL Health's policies expressly provide that premium pay does not count towards the adjusted rate calculation of overtime, contrary to Colorado law.

35. As a result, Dr. Jones and other employees were underpaid, as their overtime rate was intentionally miscalculated.

36. SCL Health willfully failed to fully compensate Dr. Jones and those similarly situated for all wages to which they were entitled under Colorado law.

## CLASS ALLEGATIONS

37. This is a C.R.C.P. 23 statewide class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the classes as follows:

The "Class Members": **All of SCL Health's non-exempt employees performing services in the state of Colorado who were not compensated or not fully compensated for all time worked during the applicable period of limitations through final judgment**.

38. This action is properly brought as a class action under C.R.C.P. 23 for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. SCL Health employees thousands of non-exempt workers in Colorado.

   b. Numerous questions of law and fact regarding the liability of SCL Health are common to the Classes and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by SCL Health that caused harm to all Class Members. Common questions include: (i) whether SCL Health failed to pay appropriate minimum wages for all hours worked; (ii) whether SCL Health failed to pay appropriate daily or weekly overtime wages for all hours worked; (iii) whether SCL Health failed to properly or fully pay wages to Class Members; (iv) whether Class Members are entitled to compensatory damages and if so, the means of measuring such damages; (v) whether Class Members are entitled to treble damages and/or statutory penalties and if so, the means of measuring such damages; and (vi) whether SCL Health is liable for attorney's fees and costs.

   d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class Members are readily ascertainable from SCL Health's records. Plaintiff was subjected to the same policies and procedures as all other workers that form the basis of the alleged violations, including not being compensated for all hours worked. The specific job titles or precise job locations of Class Members do not prevent class treatment. SCL Health applied its policies to Plaintiff just as it did with all Class Members.

5

    e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Like each hourly employee, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under state law, as well as the associated damages. Plaintiff is committed to this action and have no conflict with the Class Members. Furthermore, Plaintiff is represented by experienced class action counsel.

    f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by individual Class Members may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for Class Members to individually seek redress for the wrongs done to them by SCL Health. Absent this action, many Class Members likely will not obtain redress of their injuries and SCL Health will reap the benefits of violating Colorado law. Furthermore, even if some Class Members could afford individual litigation against SCL Health, it would be unduly burdensome to the judicial system with thousands of Class Members anticipated.

39. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

40. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Class Members and provide for judicial consistency.

41. Plaintiff and the Class Members he seeks to represent have suffered and will continue to suffer irreparable damage from SCL Health's illegal pay policy and practices.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Wages Due—Including Overtime)**
*Colorado Wage Claim Act, C.R.S. §§ 8-4-101, et seq.*
*Denver Wage Civil Theft Ordinance, D.R.M.C. § 58-16*

42. Plaintiff incorporates by reference all paragraphs above.

43. At all material times, SCL Health has been an "employer" within the meaning of applicable law and subject to the requirements of applicable law.

44. At all material times, SCL Health employed "employees," including Plaintiff and Class Members, within the meaning of applicable law.

45. As a result of the foregoing conduct, as alleged, SCL Health failed to pay wages due (including minimum and overtime wages) thereby violating, and continuing to violate,

6

applicable law. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

46. As a result, Plaintiff and the Class Members have been damaged in an amount to be determined at trial.

47. Plaintiff and the Class Members are entitled to all unpaid wages—including unpaid minimum wage and overtime, as well as other compensatory damages, including damages for emotional distress, and penalties.

48. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage)**
*Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, et seq.*
*Denver Wage Civil Theft Ordinance, D.R.M.C. § 58-16*

49. Plaintiff incorporates by reference all paragraphs above.

50. At all material times, SCL Health has been an "employer" within the meaning of the applicable law and subject to the requirements of applicable law.

51. At all material times, SCL Health employed, and continue to employ, "employees," including Plaintiff and the Class Members, who are aggrieved parties within the meaning of applicable law.

52. As a result of the foregoing conduct, as alleged, SCL Health has violated, and continues to violate, applicable law. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

53. As a result, Plaintiff and the Class Members have been damaged in an amount to be determined at trial, including unpaid minimum wage.

54. Plaintiff and the Class Members are also entitled to attorney's fees, costs, statutory interest, and all other relief deemed appropriate by the Court.

## THIRD CLAIM FOR RELIEF
**(Civil Theft)**
*Civil Theft Statute, C.R.S. § 18-4-405*

55. Plaintiff incorporates by reference all paragraphs above.

7

4900-2101-5829.3

56. At all material times, SCL Health has been an "employer" within the meaning of the Colorado Minimum Wage Act and subject to the requirements of applicable law.

57. At all material times, SCL Health employed, and continues to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

58. Plaintiff and Class Members were employees of SCL Health within the meaning of the Colorado Minimum Wage Act.

59. SCL Health knew it failed to pay Plaintiff and Class Members minimum wage and overtime.

60. SCL Health's knowing failure to pay minimum wage and overtime under the Colorado Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

61. As a result, SCL Health's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

62. Plaintiff and the Class Members are entitled to treble damages and attorney's fees to be determined at trial.

63. Plaintiff and the Class Members are also entitled to costs, statutory interest, and all other relief deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation apprising all potential Class Members of the pendency of this action;

3. Awarding Plaintiff and Class Members their compensatory damages, attorney's fees, costs and litigation expenses as provided by law;

8

4. Awarding Plaintiffs and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

5. Awarding Plaintiff and Class Members statutory penalties and treble damages as provided by law; and

6. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of February, 2025.

KUTAK ROCK LLP

*s/ Tiffanie D. Stasiak*
Tiffanie D. Stasiak, No. 21535
Lisa M. Saccomano, No. 45105
Kathleen F. Guilfoyle, No. 55284
Gillian O'Hara, *pro hac vice* forthcoming

*Attorneys for Plaintiffs*

Plaintiff's Addresses:

158 Wyndam Way
Grand Junction, CO 81507

9

4900-2101-5829.3